# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BARRY HOLSCHUH, | : | Case No. 1:08-cv-519 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE ALJ UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to supplemental security income and disability income benefits. (*See* Administrative Transcript ("Tr.") (Tr. 23-31) (ALJ's decision)).

## I.

On March 14, 2005, Plaintiff filed an application for supplemental security income ("SSI") and disability insurance benefits ("DIB") alleging a disability onset date of March 5, 2005, due to visual impairments, dizziness, and learning difficulties. (Tr. 69-73, 194-95).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Upon denial of his claims on the state agency levels, Plaintiff requested a hearing *de novo* before an ALJ. (Tr. 56, 57-59, 201-03). A hearing was held on October 2, 2006, at which Plaintiff appeared with counsel and testified. (Tr. 221-237). A vocational expert, Anthony Michael, was also present and testified. (Tr. 232-35).

On February 15, 2007, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 20-31). That decision became the final determination upon denial of review by the Appeals Council. (Tr. 5-8).

Plaintiff was 31 years old at the time of his hearing. (Tr. 29). He completed high school and previously worked as an iron handler, laborer, and waterblaster. (Tr. 80).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2008.

2. The claimant has not engaged in substantial gainful activity since March 8, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.)

3. The claimant has a severe impairment due to low vision (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P., Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, consistent with the assessments of the state agency medical consultants, the undersigned finds that the claimant has the residual functional capacity which requires that he

never climb ladders/scaffolds and avoid all exposure to unprotected heights/hazards (Exhibit 5F and 6F). He can not perform jobs requiring red/green color differentiations, jobs that are performed in dark lighting, or jobs requiring broad fields of vision or acute near/far acuity. (*Id*.)

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant, born on March 10, 1975, ranged in age from 30 years to 31 years during the relevant time herein. This is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 8, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 25-30).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to SSI or DIB. (Tr. 30-31).

On appeal, Plaintiff argues that: (1) the ALJ did not take into account all of his non-exertional impairments; and (2) the ALJ's credibility assessment was inadequate. (Doc. 8 at 7-9).

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> "The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## A.

For his first assignment of error, Plaintiff claims that the ALJ did not take all of his non-exertional impairments into consideration.

The record reflects that:

By letter dated March 11, 2005, Dr. Craig Morgan reported that Plaintiff suffered from congenital hypoplastic dysplastic optic nerves and that Plaintiff had progressive loss of vision. (Tr. 122). Acuity was 20/40 OU with marked linear streak for the temporal half of the retina in the right eye at the equator. (*Id.*) Dr. Morgan diagnosed retinitis pigmentosa and found that Plaintiff had no night vision and no peripheral vision. (*Id.*) He suggested vocational rehabilitation services and opined that Plaintiff should not be driving at all and that it was not safe for him to continue construction work. (*Id.*) Dr. Morgan stated that Plaintiff was legally blind. (Tr. 123).

Dr. Morgan saw Plaintiff again on February 9, 2005. He found Plaintiffs acuity to be 20/60 OD and 20/70 OS and could not explain why Plaintiff's vision was failing. (Tr. 129- 130).

A state agency residual functional capacity assessment found that Plaintiff should never climb a ladder, rope, or scaffold. (Tr. 171). It was noted that Plaintiff had limited near and far acuity, as well as color vision and field of vision, and that he should avoid all exposure to hazards, such as machinery and heights. (Tr. 172-73). The agency evaluator found that Plaintiff was credible. (Tr. 174).

Dr. William Ratcliff saw Plaintiff in August 2005. Dr. Ratcliff reported the acuities with contact lenses to be 20/60 OD and 20/50 OS. (Tr. 183). He found moderate astigmatism OD and a significant myopia OU and indicated that the field loss and acuity loss created safety concerns. (Tr. 184). Dr. Ratcliff completed an assessment regarding Plaintiff's limitations, opining that Plaintiff could occasionally use near and far acuity, occasionally use his field of vision, and rarely use depth perception and color vision. (Tr. 192-93).

On October 2, 2006, Plaintiff appeared at a hearing in Huntington, West Virginia. (Tr. 221). He reported that he had been without a driver's license for four or five years and that he had difficulty with reading, comprehension, and writing. (Tr. 225-26). He claimed that he had been disabled since March 8, 2005, the date he was diagnosed with his vision impairments. (Tr. 226). Plaintiff could not see to drive and had no peripheral vision. (Tr. 227, 230). The doctors told Plaintiff that he would be completely blind within nine or ten years. (Tr. 228). Plaintiff complained of dizzy spells and had difficulty riding in a car without becoming car sick. (Tr. 229). He could not afford any blood work or medication. (Tr. 228). Plaintiff found that he was not eligible for rehabilitation services in the state of Ohio. (Tr. 231). Given full credibility, the vocational expert indicated that there would be no jobs that Plaintiff could perform. (Tr. 233-34).

In determining whether a Social Security disability claimant's impairments are equivalent to listed impairments, the Court must consider the combined effect of those

impairments.  *Gambill v. Bowen*, 823 F.2d 1009 (6th Cir. 1987).  However, the ALJ failed to adequately consider all of Plaintiff's limitations and impairments when deciding this case.  Specifically, Plaintiff complained of dizzy spells in his testimony, which the ALJ did not even address.  (Tr. 229).  Although there is no medical evidence concerning the dizzy spells, the record reflects that Plaintiff could not afford to be medically evaluated.  Plaintiff's only treating physicians are his eye doctors.  Given the limitations that result from dizziness, the ALJ should have had the issue addressed by a consultative examination.

Further, the ALJ should have addressed a bending limitation, stooping limitation, lifting (due to the weight causing him to be off balance when dizzy), and other limitations that were simply not addressed.  In fact, the VE testified that if Plaintiff could not look at anything for an extended period of time because he becomes dizzy, then "he wouldn't be able to hold down a job."  (Tr. 781).  Accordingly, the ALJ's decision is not supported by substantial evidence.  The undersigned finds that this matter should be remanded for further fact finding in order to obtain a medical expert to examine Plaintiff and assess his complaints of dizziness.  Additionally, the medical expert should reevaluate Plaintiff's limitations and provide an accurate RFC assessment.

**B.**

For his second assignment of error, Plaintiff maintains that the ALJ's credibility assessment was insufficient.  If the ALJ rejects disability benefits finding that the

claimant's testimony is not credible, the ALJ must clearly state the reason for doing so. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994).

It is within the discretion of the ALJ, who actually meets with and takes testimony from an individual plaintiff, to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky*, 35 F.3d at 1036; *see also McGuire v. Comm'r of Soc. Sec.*, No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility."). The ALJ's credibility finding is entitled to considerable deference. *Heston*, 245 F.3d at 536 ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"); *Casey*, 987 F.2d at 1234 (ALJ's credibility findings should not be discarded lightly, and absent compelling evidence to the contrary, should be accorded deference).

In the instant case, the ALJ found Plaintiff to be fairly credible. (Tr. 28). The undersigned finds that there are sufficient facts in the record to support the ALJ's credibility finding. Specifically, the ALJ discusses the fact that the time period Plaintiff claims he stopped driving does not correspond with the date he claims he was no longer employable because of his vision. (Tr. 28). Additionally, although Plaintiff stated that he listened to the television all day, Plaintiff's hands were embedded with grease. (*Id.*)

Although these are minor issues, the ALJ did assess Plaintiff's credibility as fair, and as this Court must give deference to the ALJ's credibility finding, it should be affirmed.

### III.

A sentence four remand provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175. "It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Culbertson v. Barnhart,* 214 F. Supp. 2d 788, 795 (N.D. Ohio 2002) (*quoting Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551 (6th Cir. 1984)).

### IV.

Based upon the foregoing, the undersigned concludes that remand is appropriate in this matter because there is insufficient evidence to support the ALJ's decision.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner to deny Plaintiff SSI and DIB benefits be **REVERSED**, and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g).

On remand, the Commissioner shall obtain testimony and evaluation from a

medical expert in order to assess Plaintiff's complaints of dizziness, and to provide an accurate RFC assessment. The medical expert shall examine Plaintiff and review all of his medical records. Additionally, the medical expert shall evaluate whether Plaintiff's limitations would prevent him from working on a sustained basis.

Date:   November 10, 2009            s/ Timothy S. Black
                                     Timothy S. Black
                                     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| BARRY HOLSCHUH, | : | Case No. 1:08-cv-519 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).