# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BARRY HOLSCHUH, | Case No. 1:08-cv-519 |
| Plaintiff, | Chief Judge Susan J. Dlott |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

### REPORT AND RECOMMENDATION[1] THAT THE EAJA FEE PETITION FILED BY PLAINTIFF'S COUNSEL (Doc. 18) BE GRANTED, AND THAT COUNSEL THEREFORE BE AWARDED HER REQUESTED $1,687.50 IN FEES

This case is a Social Security disability benefits appeal under which the Court – acting pursuant to 42 U.S.C. § 405(g), sentence four – reversed the non-disability finding of the Administrative Law Judge ("ALJ") below, and ordered a remand to the ALJ for further administrative proceedings.

Seeking to be compensated for her work in obtaining the reversal and remand, Plaintiff's counsel has filed a fee petition under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 18), which is opposed by the Commissioner of Social Security ("Commissioner") (Doc. 19).

The request for fees seeks to recover for 13.5 hours of work, at an hourly rate of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

$125.00 an hour. (Doc. 18 at 3). The Commissioner argues that no EAJA fees should be awarded to counsel because the government's litigation position was substantially justified.

## I.

The EAJA provides that:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Recognizing that plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States; to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear warranted, provided that the Commissioner's position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

## II.

The "substantial justification" and "special circumstances" criteria are addressed in turn.

As the Sixth Circuit has explained:

> The Supreme Court . . . has adopted a reasonableness standard for
> determining if substantial justification exists. For the government's
> position to be substantially justified under the EAJA, its position must be
> justified in substance or in the main. Thus, the proper standard in EAJA
> cases is whether the government's position was justified, both in fact and
> law, to a degree that could satisfy a reasonable person.

*Tate v. Sec'y of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (per curiam) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)).

In a Report and Recommendation – subsequently adopted by United States District Judge Susan J. Dlott – the undersigned Magistrate Judge found that the Administrative Law Judge's ("ALJ") non-disability finding was subject to reversal and remand because the ALJ failed to consider the combined effect of Plaintiff's impairments and limitations. (Doc. 15 at 5-6). Recognizing that the ALJ erred by ignoring various limitations caused by Plaintiff's dizziness, the undersigned finds, as a matter of law, that the Commissioner's decision to support the ALJ's non-disability finding during the litigation of this matter was *not* justified, in both fact and law, to a degree that could satisfy a reasonable person.

Accordingly, EAJA fees should be awarded to Plaintiff's counsel for her work conducted before this Court in securing the reversal and remand.

No evidence at issue suggests that special circumstances bar a fee award here, and the undersigned, after carefully reviewing the record, finds none. The Commissioner does not oppose the hourly fee proposed by plaintiff's counsel, and the undersigned accepts the proposed rate, $125.00 as reasonable. *Begley v. Sec'y of Health & Human*

*Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Additionally, the Commissioner does not challenge the hours claimed by Plaintiff's counsel. The undersigned has reviewed the work conducted by counsel and finds that all such work was reasonable and relevant to the prosecution of this matter.

IV.

The undersigned therefore **RECOMMENDS** that the EAJA fee petition filed by Plaintiff's counsel (Doc. 18) be **GRANTED,** and that counsel be **AWARDED** her requested **$1,687.50** in fees.

Date:  April 13, 2010   　　　　　　　　　s/ Timothy S. Black
　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARRY HOLSCHUH, | : | Case No. 1:08-cv-519 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **14 DAYS** of that party's receipt of this Report and Recommendation. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).